UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PRINCE,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN DUFFY et al.,<br><br>  Defendants. | No. 2:15-cv-0280 DAD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**THE EXHAUSTION REQUIREMENT**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

/////

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

**DISCUSSION**

In this case, plaintiff alleges that he is not receiving adequate medical care at California Health Care Facility. (Compl. at 3.) In his form complaint, plaintiff concedes that he has not exhausted his administrative remedies prior to filing suit as required. (Id. at 1-2.) Specifically, plaintiff acknowledges that there is a grievance procedure at California Health Care Facility. (Id. at 1.) In addition, although plaintiff contends that he has submitted an inmate appeal concerning the allegations set forth in his complaint, he concedes that he has not yet received a decision from

the first, second, or third formal levels of review.  (Id. at 2.)  Plaintiff also concedes in his complaint that he has not appealed to the highest level of appeal available to him through the administrative appeal process.  (Id.)

It is well established that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino, 747 F.3d 1162 (9th Cir. 2014).  See also Sorce v. Garikpaetiti, Civil No. 14-CV-0327 BEN (JMA), (S.D. Cal. June 2, 2014) (relying on the decision in Albino and dismissing the complaint on screening because "it is clear from the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available administrative remedies . . . before he commenced this action").  Accordingly, due to plaintiff's conceded failure to exhaust his administrative remedies the court will dismiss plaintiff's complaint without prejudice.[1]

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is denied; and

2. This action is dismissed without prejudice due to plaintiff's failure to exhaust available administrative remedies prior to filing suit as required.

Dated:  March 5, 2015

DAD:9
prin0280.56

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. Nos. 8 & 17)